**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fernando Gastelum, | No. CV-24-01377-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Nordstrom Incorporated, | |
| Defendant. | |

*Pro se* Plaintiff Fernando Gastelum ("Plaintiff") has filed a Motion for Summary Judgement as to "Liability Only." (Doc. 28). This Motion is fully briefed.[1] (Docs. 30–31). The Court denies Plaintiff's Motion for the following reasons.

**I.    Background[2]**

Plaintiff is a self-described "ADA tester." (Doc. 1 at ¶ 2). Plaintiff is indeed a frequent flyer of the district court. *See Gastelum v. ESA Props. LLC*, 2018 WL 3364652, at *1 (D. Ariz. July 10, 2018) ("This case is one of twenty-two cases before the Court

---

[1] Plaintiff has filed a separate statement of facts (Doc. 29), which is not allowed by the Court's Scheduling Order. (Doc. 24 at 3 ("the parties may not file separate statements of facts or controverting statements of facts. Rather, the parties must include all facts in the motion, response, or reply itself.")). Defendant objects to this filing. (Doc. 30 at 4). Plaintiff's Motion and separate statement only combine for a total of 11 pages, however. (*See* Doc. 28 & Doc. 29 at 1–5). Because Plaintiff is proceeding *pro se*, the Court will not strike these separate filings, especially since they do not exceed the 17-page limit imposed by the Court's local rules. *See* LRCiv. 7.2(e)(1); *see also Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) ("It is well established that '[d]istrict courts have inherent power to control their docket.' ") (quoting *Atchison, Topeka & Santa Fe Ry. v. Hercules, Inc.*, 146 F.3d 1071, 1074 (9th Cir.1998)).

[2] The following facts are undisputed, unless stated otherwise.

1    brought by [Plaintiff] . . . for alleged ADA violations.").

2        In this matter, Plaintiff visited three of Defendant Nordstrom Incorporated's

3    ("Defendant") Nordstrom Rack stores in Arizona.  (Doc. 1 at ¶ 16).  Plaintiff avers that all

4    three stores he visited "had one thing in common: [t]hey failed to provide sufficiently wide

5    route between rows of merchandise to make the merchandise accessible to and usable by

6    Plaintiff."  (*Id*. at ¶ 19).  Therefore, Plaintiff alleges that he was denied full and equal access

7    to the stores, which he states are public accommodations.  (*Id*. at ¶¶ 6–8, 23).  So, Plaintiff

8    has brought the following claims against Defendant: (1) Discrimination in violation of the

9    Americans with Disabilities Act, 42 U.S.C. § 12182 ("ADA"), (2) "violation of

10   architectural barriers," and (3) "breach of duty" (which the Court construes as a negligence

11   claim).  (*Id*. at ¶¶ 29–62).  Plaintiff seeks summary judgment "on the Breach of Duty

12   (Negligence) claim."  (Doc. 28 at 2).

13   **II.    Legal Standard**

14       A court will grant summary judgment if the movant shows there is no genuine

15   dispute of material fact and the movant is entitled to judgment as a matter of law.  Fed. R.

16   Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).  A fact is "material"

17   if it might affect the outcome of a suit, as determined by the governing substantive law.

18   *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).  A factual dispute is "genuine"

19   when a reasonable jury could return a verdict for the nonmoving party.  *Id*.  Courts do not

20   weigh evidence to discern the truth of the matter; they only determine whether there is a

21   genuine issue for trial.  *Jesinger v. Nevada Fed. Credit Union*, 24 F.3d 1127, 1131 (9th

22   Cir. 1994).  This standard "mirrors the standard for a directed verdict under Federal Rule

23   of Civil Procedure 50(a), which is that the trial judge must direct a verdict if, under the

24   governing law, there can be but one reasonable conclusion as to the verdict."  *Anderson*,

25   477 U.S. at 250.  "If reasonable minds could differ as to the import of the evidence,

26   however, a verdict should not be directed." *Id*. at 250–51 (citing *Wilkerson v. McCarthy*,

27   336 U.S. 53, 62 (1949)).

28       The moving party bears the initial burden of identifying portions of the record,

including pleadings, depositions, answers to interrogatories, admissions, and affidavits, that show there is no genuine factual dispute. *Celotex*, 477 U.S. at 323. Once shown, the burden shifts to the non-moving party, which must sufficiently establish the existence of a genuine dispute as to any material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–86 (1986). Where the moving party will have the burden of proof on an issue at trial, the movant must "affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). On an issue as to which the nonmoving party will have the burden of proof, however, the movant can prevail "merely by pointing out that there is an absence of evidence to support the nonmoving party's case." *Id.* (citing *Celotex Corp.*, 477 U.S. at 323). In judging evidence at the summary judgment stage, the court does not make credibility determinations or weigh conflicting evidence. Rather, it draws all inferences in the light most favorable to the nonmoving party. *See T.W. Electric Service, Inc. v. Pacific Electric Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987).

## III.    Discussion

Plaintiff seeks summary judgment on his claim for negligence, arguing that Defendant has a legal duty to not discriminate against persons with a disability. (Doc. 28 at 2). He specifically alleges that "Defendant, as the landowner, owed Plaintiff, as invitee, a 'duty' to make the Stores 'ready and safe for his reception[,]' " especially since they are public accommodations under the ADA. (*Id.* (citing *Quiroz v. ALCOA Inc*., 243 Ariz. 560 (Ariz. 2018)). Defendant argues that Plaintiff's claim fails as a matter of law, and that this question has been recently addressed in one of Plaintiff's other cases filed in this District. (Doc. 30 at 4–5 (citing *Gastelum v. Burlington Store, Inc*., 2024 WL 4523864, at *12 (D. Ariz. April 15, 2024)). Defendant specifically avers that "courts in the Ninth Circuit have repeatedly declined to find that the ADA establishes a duty of care from which to maintain an independent negligence claim." (*Id*. at 5).

Plaintiff responds that the cases cited by Defendant from California district courts are irrelevant because his negligence claim is an issue of Arizona law. (Doc. 31 at 2). He

further argues that, in *Gastelum v. Burlington*, that Court dismissed the negligence claim with leave to amend because the claim was not found to be futile. (*Id*.) He therefore avers that *Burlington* does not hold that his negligence claim fails as a matter of law and instead argues that "Defendant has a legal duty of care to not discriminate against the disabled Plaintiff." (*Id*.) Plaintiff specifically states that "[t]his duty is based on two distinct legal premises: First, the special relationship between a disabled invitee and a public accommodation and, Second, on public policy based on federal and state accessibility statutes." (*Id*. at 2–3.) He also notes that the ADA does not pre-empt this duty. (*Id*. at 3 (citing C.F.R. § 36.103(c)).

### A.    Law on the ADA and Negligence

Ordinarily, summary judgment is not appropriate in negligence actions because "breach of the duty of reasonable care and proximate cause are fact questions for the jury." *Matthews v. Greyhound Lines, Inc.*, 882 F. Supp. 146, 148 (D. Ariz. 1995) (citing *Markowitz v. Arizona Parks Bd.*, 706 P.2d 364 (Ariz. 1985)). Nevertheless, summary judgment is appropriate "where all reasonable people must draw the same conclusion." *Id*. (citing *Talbot v. Schroeder*, 475 P.2d 520 (Ariz. Ct. App. 1970)). In Arizona, to establish a claim for negligence, a plaintiff must prove four elements: "(1) a duty requiring the defendant to conform to a certain standard of care; (2) a breach by the defendant of that standard; (3) a causal connection between the defendant's conduct and the resulting injury; and (4) actual damages." *Diaz v. Phoenix Lubrication Serv., Inc.*, 230 P.3d 718, 721 (Ariz. Ct. App. 2010) (quoting *Gipson v. Kasey*, 150 P.3d 228, 230 (Ariz. 2007)).

"Duty is defined as an 'obligation, recognized by law, which requires the defendant to conform to a particular standard of conduct in order to protect others against unreasonable risks of harm.' " *Gipson v. Kasey*, 150 P.3d 228, 230 (Ariz. 2007) (citing *Markowitz v. Arizona Parks Bd.*, 706 P.2d 364, 366 (Ariz. 1985)). "The issue of duty is not a factual matter; it is a legal matter to be determined before the case-specific facts are considered." *Id*. at 232 (citing *Markowitz v. Arizona Parks Bd.*, 706 P.2d 364, 366 (1985)). "Public policy may support the recognition of a duty of care." *Id*. (citation omitted).

Defendant notes this same issue was recently addressed in *Gastelum v. Burlington*. Judge Logan noted there that "Courts in the Ninth Circuit have repeatedly declined to find that the ADA establishes a duty of care from which to maintain an independent negligence claim." 2024 WL 4523864, at *4 (collecting cases). Judge Logan ultimately dismissed this claim because Plaintiff (1) did not cite to caselaw "suggesting that the ADA imposes a separate duty of care upon Defendant from which to sustain a negligence claim[;]" (2) "provides no common law authority suggesting that store owners owe a legally cognizable duty to customers to not discriminate against them[;]" and (3) "no court has held that the Arizonans with Disabilities Act is a statement of public policy sufficient on its own to create a separate legal duty in an action for negligence." *Id*. at * 5.

Here, Plaintiff argues that Arizona recognizes traditional duties based on common law special relationships, such as a landowner-invitee relationship. (Doc. 28 at 2–3). He also argues that a duty "may" exist when public policy supports "the protection of persons with whom no pre-existing duty existed." (*Id*. at 3 (citing *Gipson*, 150 P.3d at 232)).

Indeed, the Arizona Supreme Court has held that "[d]uties of care may arise from special relationships based on contract, family relations, or conduct undertaken by the defendant . . . These include, but are not limited to, the landowner-invitee relationship." *Gipson*, 150 P.3d at 232. However, Congress enacted the ADA "to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(2). It was designed to protect disabled individuals from facing "subtle" discrimination, such as "difficult-to-navigate restrooms and hard-to-open doors." *Chapman v. Pier 1 Imports (U.S.) Inc*., 631 F.3d 939, 945 (9th Cir. 2011). This kind of discrimination interferes with a disabled individual's "full and equal enjoyment" of public accommodations. *Id*. (quoting 42 U.S.C. § 12182(a)). Like other civil rights causes of action, a private ADA plaintiff's relief is limited to an injunction and an award for costs. *Strojnik v. Driftwood Hosp. Mgmt. LLC*, 2021 WL 50456, at *1 (D. Ariz. Jan. 6, 2021), *aff'd*, 2022 WL 1642234 (9th Cir. 2022).

/ / /

### B.    Duty Under the ADA to Support a Negligence Claim

Plaintiff argues that Defendant has a legal duty of care to not discriminate against the disabled based on two distinct legal premises: (1) "public policy based on federal and state accessibility statutes" and (2) "the special relationship between a disabled invitee and a public accommodation and[.]"  (Doc. 31 at 2–3).  Neither of these arguments allow Plaintiff to prevail.

#### 1.    Duty Based on Public Policy

Plaintiff's argument that duty under a negligence claim can be based on public policy created by the ADA and the Arizonans with Disabilities Act ("AzDA"), A.R.S. §§ 41–1492 to 41–1492.12, is unsupported.  Claims arising under the AzDA are evaluated under the standards for evaluating ADA claims.  *See Muhaymin v. City of Phoenix*, 2019 WL 699170, at *8 (D. Ariz. Feb. 20, 2019) (noting that the AzDA is included within the Arizona Civil Rights Act ("ACRA")); *see also Merkley v. Maricopa Cnty. Cmty. Coll. Dist.*, 2006 WL 8440535, at *2 (D. Ariz. June 29, 2006) (noting that ACRA claims are "evaluated using the standards set forth for ADA claims.").  Other courts in this district have "declined to find that the ADA establishes a duty of care from which to maintain an independent negligence claim."  *Burlington*, 2024 WL 4523864, at *4.  This Court also finds that it is unclear if the ADA creates an independent duty of care for purposes of a negligence claim.  *See id.*; *see also Doe v. Lees-McRae Coll.*, 2021 WL 1096285, at *7 (W.D.N.C. Feb. 4, 2021) ("It is not clear, however, that either the Rehabilitation Act or the ADA create an independent duty of care for purposes of a negligence claim."), *report and recommendation adopted*, 2021 WL 1093635 (W.D.N.C. Mar. 22, 2021) (cited by *Burlington*, 2024 WL 4523864, at *4).  This finding is bolstered by the fact that "a private ADA plaintiff's relief is limited to an injunction and an award for costs."  *Strojnik v. Driftwood*, 2021 WL 50456, at *1.

In sum, Plaintiff has not demonstrated that Defendant has a legal duty of care to support a negligence claim recognized by public policy.  *See Burlington*, 2024 WL 4523864, at *4.  So, the Court cannot enter judgment in his favor based on his public policy

1    argument.  *Celotex*, 477 U.S. at 322–23.

2                    **2.      Duty Based on a Special Relationship**

3          Plaintiff's argument that his negligence claim can be based on his special

4    relationship to Defendant, a landowner, as a business invitee (Doc. 28 at 4) is also

5    unsupported.  Arizona indeed recognizes traditional duties based on common law special

6    relationships, such as the landowner-invitee relationship.  *See Gipson*, 150 P.3d at 232.

7    However, this relationship does not create a duty such that Plaintiff may assert a negligence

8    claim under the ADA.  *See id.*  Plaintiff specifically alleges that Defendant "has a legal

9    duty to . . . make *all* its stores accessible."  (Doc. 1 at ¶ 46).  Plaintiff appears to suggest

10   that every violation of a federal statute necessarily creates a duplicative claim for

11   negligence under Arizona common law.  Not so.

12         "[D]uty in Arizona is based on either recognized common law special relationships

13   or relationships created by public policy."  *Quiroz v. ALCOA Inc*., 416 P.3d 824, 829 (Ariz.

14   2018) (citations omitted).  The "duty owed by a landowner to an entrant on the property is

15   determined by the status of the entrant as an invitee, licensee, or trespasser."  *Wickham v.

16   Hopkins*, 250 P.3d 245, 248 (Ariz. Ct. App. 2011) (citations omitted).  Plaintiff argues that

17   he was an invitee.  (Doc. 28 at 2); *see also Nicoletti v. Westcor, Inc*., 639 P.2d 330, 332

18   (Ariz. 1982) ("[L]andowners have a duty to invitees to maintain their property in a

19   reasonably safe manner.").

20         Here, Plaintiff's negligence claim is premised on an injury he incurred due to

21   Defendant's alleged discrimination.  (Doc. 1 at ¶¶ 44–57).  He does not allege in his

22   Complaint that Defendant's property was not maintained in a reasonably safe manner—a

23   requirement to show duty under Arizona law.  (*See id.*); *cf. Nicoletti*, 639 P.2d at 332.

24   Courts have allowed negligence claims to survive when alleged alongside an ADA claim

25   where the Plaintiff suffers physical injuries after encountering barriers at the defendants'

26   store.  *Ghadiri v. Hayward Liquor & Grocery*, 2021 WL 4980071, at *7 (N.D. Cal. June

27   15, 2021) (citing *Levin v. Dollar Tree Stores, Inc*., 2006 WL 3538964 at *2 (E.D. Pa. Dec.

28   6, 2006)).  Yet, Plaintiff's alleged injuries stem from an "invasion of his legally protected

1    rights"—not a physical harm caused by an unsafe condition.  (Doc. 1 at ¶ 57).

2        While Plaintiff notes that Defendant has a duty to "maintain its land upon an implied

3    representation or assurance that [it] has been prepared and made ready and safe for

4    [Plaintiff's] reception[,]" he does not argue that Defendant's premises was unsafe or

5    hazardous—just that they were inaccessible.  (Doc. 29 at 3; Doc. 1 at ¶ 19).  This amounts

6    to an allegation of ADA discrimination, not a claim for negligence.  *Compare Molski v.*

7    *M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007) (noting that, to prevail on an ADA

8    discrimination claim, a plaintiff must show that they were "denied public accommodations

9    . . . because of [their] disability.") *with Ghadiri*, 2021 WL 4980071, at *7.  Without any

10   allegations of an unsafe premises or physical injuries as a result thereof, the Court cannot

11   enter summary judgment in Plaintiff's favor based on a special relationship theory.  *See*

12   *Nicoletti*, 639 P.2d at 332; *cf. Ghadiri*, 2021 WL 4980071, at *7.

13   **IV.    Conclusion**

14       In sum, Plaintiff has not "affirmatively demonstrate[d] that no reasonable trier of

15   fact could find other than for" him, nor has he shown that he is entitled to judgment as a

16   matter of law.  So, he is not entitled to summary judgment on his negligence claim.

17   *Soremekun*, 509 F.3d at 984.  Defendant argues that the Court should dismiss Plaintiff's

18   negligence claim *sua sponte*, but informs the Court that it will bring its own Motion for

19   Summary Judgment as to all of Plaintiff's claims.  (Doc. 30 at 6–7).  Defendant has indeed

20   brought its own Motion for Summary Judgment seeking to dismiss all of Plaintiff's claims.

21   (Doc. 39).  The Court will address Defendant's Motion in due course but will not dismiss

22   the negligence claim *sua sponte* at this juncture.

23       Accordingly,

24       **IT IS ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. 28) is

25   **DENIED**.

26       Dated this 19th day of August, 2025

27       _____
         Honorable Diane J. Humetewa

28       United States District Judge